UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

ERICK HENRIQUE,
        Plaintiff,

v.

FEDEX GROUND PACKAGE SYSTEM, INC. and
BED, BATH & BEYOND, INC.,
        Defendants.

No.

1:20-CV-11515-WGY

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT,
BRIEF STATEMENT OF DEFENSES, AND DEMAND FOR JURY TRIAL**

NOW COMES defendant FedEx Ground Package System, Inc. (hereinafter "Answering Defendant" or "FedEx Ground") by and through its attorneys, Callahan & Fusco, LLC, and hereby answers Plaintiff's Amended Complaint and Jury Claim, sets forth affirmative defenses and requests a trial by jury as follows:

**PARTIES**

1. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Parties of the Complaint, as they are not directed at Answering Defendant and leaves plaintiff to his proofs.

2. The Answering Defendant admits the allegations contained in paragraph "2" of the Parties of the Complaint.

3. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Parties of the Complaint, as they are not directed at Answering Defendant and leaves plaintiff to his proofs.

## JURISDICTION

4. The Answering Defendant admits the allegations contained in paragraph "4" of the "Jurisdiction" of the Complaint.

## FACTS

5. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the "Facts" of the Complaint, as they are not directed at Answering Defendant and leaves plaintiff to his proofs.

6. The Answering Defendant denies the allegations contained in paragraph "6" of the "Facts" of the Complaint, as stated. By way of further response, it is specifically denied that the plaintiff was employed by FedEx Ground. Rather, the plaintiff was employed by Cadmuss Express, Inc., an independent service provider to FedEx Ground pursuant to an operating agreement. Except for that expressly admitted herein, the remainder of the allegations are denied.

7. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the "Facts" of the Complaint, as they are not directed at Answering Defendant and leaves plaintiff to his proofs.

8. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the "Facts" of the Complaint, as they are not directed at Answering Defendant and leaves plaintiff to his proofs.

9. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the "Facts" of the Complaint.

10. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the "Facts" of the Complaint, as they are not directed at Answering Defendant and leaves plaintiff to his proofs.

11. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the "Facts" of the Complaint, as stated and leaves the plaintiff to his proofs.

12. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the "Facts" of the Complaint, as they are not directed at Answering Defendant and leaves plaintiff to his proofs.

13. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the "Facts" of the Complaint.

14. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the "Facts" of the Complaint, as they are not directed at Answering Defendant and leaves plaintiff to his proofs.

15. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the "Facts" of the Complaint, as they are not directed at Answering Defendant and leaves plaintiff to his proofs.

16. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the "Facts" of the Complaint, as they are not directed at Answering Defendant and leaves plaintiff to his proofs.

**AS AND FOR A RESPONSE TO THE FIRST COUNT**

17. The Answering Defendant repeats and reiterates each and every response to the allegations contained in paragraphs "1" through "16" of the Complaint as if they were fully set forth at length herein and made a part hereof.

18. The Answering Defendant denies the allegations contained in paragraph "18" and all of the subparagraphs of the First Count of the Complaint and leaves plaintiff to his proofs.

19. The Answering Defendant denies the allegations contained in paragraph "19" and all of the subparagraphs of the First Count of the Complaint and leaves plaintiff to his proofs.

20. The Answering Defendant denies the allegations contained in paragraph "20" of the First Count of the Complaint and leaves plaintiff to his proofs.

**WHEREFORE**, it is respectfully requested that the Complaint and any and all claims and cross-claims asserted against the Answering Defendant, FedEx Ground, be dismissed with prejudice, together with all costs, interest, disbursements and attorney's fees incurred herein, and with such other and further relief as this Court deems just and proper.

## AS AND FOR A RESPONSE TO THE FIRST COUNT

21. The Answering Defendant repeats and reiterates each and every response to the allegations contained in paragraphs "1" through "20" of the Complaint as if they were fully set forth at length herein and made a part hereof.

22. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" and all of the subparagraphs of the Second Count of the Complaint, as they are not directed at Answering Defendant and leaves plaintiff to his proofs.

23. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" and all of the subparagraphs of the Second Count of the Complaint, as they are not directed at Answering Defendant and leaves plaintiff to his proofs.

24. The Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" and all of the subparagraphs of

the Second Count of the Complaint, as they are not directed at Answering Defendant and leaves plaintiff to his proofs.

**WHEREFORE**, it is respectfully requested that the Complaint and any and all claims and cross-claims asserted against the Answering Defendant, FedEx Ground, be dismissed with prejudice, together with all costs, interest, disbursements and attorney's fees incurred herein, and with such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

By way of further responses to the Plaintiffs' Complaint and Jury Demand, Defendant sets forth the following affirmative defenses:

1. The Plaintiffs Complaint and Jury Demand fails to state a claim upon which relief can be granted.

2. The claims against Answering Defendant are barred by the applicable Statute of Limitations.

3. The claims against Answering Defendant should be dismissed for improper service of process.

4. Defendant owed no duty to Plaintiff.

5. Any alleged injuries or damages sustained by Plaintiffs were not proximately caused by any acts or omissions of Defendant or its independent service providers, agents, employees, or employers.

6. Plaintiffs' claims are barred or reduced, in whole or in part, by his and/or their failure to mitigate his and/or their damages.

7. Plaintiffs' damages, if any exist, were caused by independent supervening or intervening actions of Plaintiffs and/or third parties for which the Defendant is not responsible or liable.

8. Plaintiffs asserted claims and charges that are unreasonable, excessive, unnecessary, and not related to the accident in question; wherefore, plaintiffs are not entitled to recover in this case.

9. If a dangerous or defective condition existed, which is expressly denied, this Answering Defendant had no notice of its presence.

10. If a dangerous or defective condition existed, which is expressly denied, the condition was *de minimis*.

11. If a dangerous or defective condition existed, which is expressly denied, the condition was open and obvious.

12. To the extent that plaintiff has received reimbursement for all or a part of the damages claimed, plaintiffs should be estopped from asserting the same herein.

13. Plaintiffs' claims are barred by the doctrines of Res Judicata and Collateral Estoppel.

14. Plaintiffs have failed to join all persons and/or entities necessary for the just adjudication of this action.

15. The Answering Defendant is not a proper party to this action, and thus, the Complaint should be dismissed as to this Answering Defendant.

16. To the extent that all or a part of plaintiffs' damages have been paid or will be paid by collateral sources, no award should be made for the same.

17. If plaintiffs sustained any damages as alleged in the Complaint, all of which are expressly denied, then the Answering Defendant asserts that plaintiffs' injuries were pre-existing and not causally related to the occurrence set forth in plaintiffs' Complaint.

18. Plaintiffs' claims are barred or reduced by his own comparative fault.

Defendant reserves the right to amend this Answer and list of affirmative defenses.

### AS AND FOR A FIRST CROSSCLAIM AGAINST CO-DEFENDANT BED, BATH AND BEYOND

Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., as and for its First Crossclaim against the Co-Defendant BED, BATH AND BEYOND, alleges as follows:

Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., while denying negligence, asserts that any willful misconduct, fault or negligence was that of Co-Defendant BED, BATH AND BEYOND, and that the liability of defendant, FEDEX GROUND PACKAGE SYSTEM, INC., if any, was of a derivative or secondary nature and that the liability of Co-Defendant BED, BATH AND BEYOND, was of a primary character, thus giving rise to a duty on the part of said Co-Defendants to hold FEDEX GROUND PACKAGE SYSTEM, INC., harmless and to indemnify FEDEX GROUND PACKAGE SYSTEM, INC., from any loss herein and/or contribute to any judgment in favor of plaintiff.

### AS AND FOR A SECOND CROSSCLAIM AGAINST CO-DEFENDANT AGAINST CO-DEFENDANT BED, BATH AND BEYOND

Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., as and for its Second Crossclaim against the Co-Defendant BED, BATH AND BEYOND, alleges as follows:

By reason of the contractual and/or legal relationship between defendant, FEDEX GROUND PACKAGE SYSTEM, INC., and Co-Defendant BED, BATH AND BEYOND, said Co-Defendant

is obligated to defend, indemnify and save harmless defendant, FEDEX GROUND PACKAGE SYSTEM, INC., with respect to the matters alleged in the Amended Complaint.

## ANSWER TO ALL CROSS CLAIMS

Denied.

## JURY TRIAL DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**FEDEX GROUND PACKAGE SYSTEM, INC.**

by its attorneys,

**CALLAHAN & FUSCO, LLC**

Dated: September 27, 2021    by: _____
Chelsea Novelli, Esq. (BBO# 699019)
103 Eisenhower Parkway, Suite 400
Roseland, NJ 07068
(877)-618-9770
CNovelli@callahanfusco.com

## Certificate of Service

I hereby certify that a copy of the foregoing answer was sent this day, September 1, 2021, to counsel for the Plaintiffs.

_____
Chelsea Novelli, Esq.